IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:15-cr-131** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **ANDRE MOSLEY** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is a "Motion to Request Brady Material to Perfect Motion Pursuant to 28 U.S.C. § 2255." (Doc. 59.) The motion is unclear as to what Mosley is challenging and what relief he seeks. While he appears to seek material that would support his exoneration of a prison infraction, a 2255 motion is not the proper form of relief as a 2255 motion challenges a conviction and sentence. *See United States v. Addonizio*, 442 U.S. 178, 179 (1979). Mosley also requests an extension of time to file a 2255 motion, seeks *Brady* material, and requests this court to order his trial counsel to file an affidavit explaining why she did not file an appeal.

## I.    Discussion

### A. Request for an extension of time

Mosley was sentenced on June 7, 2017, and therefore the deadline for filing a 2255 motion is June 6, 2018. In his motion, Mosley alleges that he has had some

papers destroyed by prison of ficials and has been i n the Special Housing Unit. In light of this, he will be given until June 29, 2018 to file an appropriate motion.

### B. Request for *Brady* material

Mosley's request for *Brady* material will be denied. In a habeas proceed ing, a defendant who pl eads guilty upon the a dvice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel fell bel ow an objection standard of reasonableness. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). A guilty pl ea is voluntarily and intelligently entered if is entered into with "sufficien t awareness of the relevant circumstan ces and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Mosley entered a guilty plea pursuant to a plea agreement, and he has not set forth what material he should have been presented with that would have impacted on the voluntary and knowing nature of his plea. Furthermore, where a defendant waives his right to a jury trial, he also waives any accompanying constitutional guarantees. *United States v. Ruiz*, 536 U.S. 622 (2002). The request for *Brady* materials will be denied.

### C. Request for affidavit

Mosley's request that this court order tr ial counsel to file an affidavit as to why she did not file an appeal is inap propriate and will also be denied. Should

there be a 2255 motion raising this issue and a hearing is held, trial counsel will undoubtedly be called to testify.

## II.   <u>Conclusion</u>

As stated above, Mosley's motion will be granted in part and denied in part without prejudice to Mosley filing a 2255 motion. An appropriate order will enter.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: May 16, 2018